462 So.2d 1323 (1985)
AETNA CASUALTY & SURETY CO., Plaintiff-Appellant,
v.
M & A FARMS, LTD. and Preston N. Aucoin, Defendant-Appellee.
No. 84-22.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Michael S. O'Brien, Lafayette, for plaintiff-appellant.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
*1324 YELVERTON, Judge.
Aetna Casualty & Surety Co., one of several parties involved in an earlier lawsuit, was cast in judgment in the district court, a decision reversed by us as to Aetna on appeal. See M & A Farms, Ltd. v. Town of Ville Platte, 422 So.2d 708 (La. App. 3rd Cir.1982). Thereafter, Aetna, allegedly by mistake, issued a check in payment of that judgment. Upon discovery of the mistake, Aetna filed the present suit for a return of its money. The defendants in the present case (one of whom was the plaintiff in the original suit) filed several pleadings followed by a motion for summary judgment, which was granted, the trial judge concluding on the summary judgment evidence that the first case had not foreclosed the potential liability of Aetna, and that Aetna's check was in fact a compromise and not the payment of a judgment by mistake. The district court accordingly dismissed Aetna's suit for a refund.
Aetna's present appeal questions the propriety of that summary judgment, and the sole issue before us is whether the summary judgment evidence so conclusively establishes this was a compromise rather than a payment by mistake, that it justifies the judgment of dismissal. We conclude that the evidence is insufficient for a summary judgment, and we reverse, and remand the case for trial.
In the first case M & A Farms, Ltd. sued the Town of Ville Platte, which answered and filed a third party demand against Dodge Construction Company. Dodge in turn filed a third party demand against Paul Fontenot and/or Paul N. Fontenot, Inc., and its insurer, Aetna Casualty & Surety Company. Following trial, the district court rendered judgment in favor of M & A Farms and against the Town of Ville Platte for damages. Additionally, the district court granted judgment in favor of the Town of Ville Platte on its third party demand against Dodge, and also granted Dodge a judgment on its third party demand against Paul Fontenot and/or Paul Fontenot, Inc. and the latter's insurer, Aetna. All parties appealed.
This court on appeal affirmed the judgment in part and reversed it in part. Included among the reversals were the judgments for the third party plaintiffs. Our decision was a victory for Aetna Casualty & Surety Company, a third party defendant. Our decision was rendered on November 12, 1982.
On December 27, 1982, Aetna, as the insurer for Paul N. Fontenot and/or Paul N. Fontenot, Inc., issued a check to M & A Farms, Ltd. and its attorney, Preston Aucoin, in the amount of $3,992.90. The check contained the notation "FULL & FINAL SETTLEMENT OF ANY AND ALL CLAIMS."
On August 24, 1983, Aetna filed the present suit against M & A Farms, Ltd., and Preston Aucoin, seeking the return of this money, plus interest, based on unjust enrichment. Petitioner alleged that it had issued the check for $3,992.90, believing that it represented that portion of the judgment rendered by the district court against Aetna and its insured but that, unknown to it, the appellate court had reversed and set aside that judgment.
To this suit the defendants filed several peremptory exceptions, including an exception of no cause of action, an exception of no right of action, an exception of nonjoinder of indispensable parties, and an exceptions of nonjoinder of necessary parties. At a hearing on the exceptions the trial court rendered four judgments: the first one referred the defendants' exception of no right of action to the merits; the remaining three overruled the defendants' exceptions of no cause of action, nonjoinder of indispensable parties, and nonjoinder of necessary parties. After this the defendants filed a motion for summary judgment, which was heard and granted, the trial court dismissing Aetna's suit for the return of its money.
This is the judgment presently on appeal. The defendants have answered the appeal seeking a review of the trial court's judgments on the four exceptions in the event the granting of the motion for summary judgment is reversed.
*1325 The summary judgment evidence included several affidavits and exhibits, as well as the testimony taken at the hearings on defendants' exceptions. At those hearings, J. Wendel Fusilier testified that he had represented Aetna and its insured Paul Fontenot, Inc. and/or Paul Fontenot in the prior suit. He explained that on November 16, 1982, he had a telephone conversation with Gaynor Soileau, the attorney for the Town of Ville Platte. Mr. Soileau informed him that the Town of Ville Platte was going to make a demand against Aetna and their insured to pay the judgment rendered against Ville Platte by the Third Circuit Court of Appeal; otherwise they would file suit against Aetna and their insured under their engineering contract with Paul Fontenot to recover the money. On November 19, 1982, Mr. Fusilier sent a letter to Aetna which informed Aetna that: (1) the Third Circuit Court of Appeal reduced the district court judgment to $3,033; (2) the opinion found Paul Fontenot and/or Paul N. Fontenot, Inc. to be liable and therefore the City of Ville Platte, as Fontenot's employer, was liable; (3) the city did not third party Paul Fontenot but that the City could and would still file suit under the contract of employment; and (4) he suggested that Aetna pay the amount of the judgment. On December 22 he informed Aetna that the amount of the judgment including interest was $3,992.90. Aetna responded by sending a check in that amount to his office and he took this as authority to go ahead and pay M & A Farms and its attorney, Preston Aucoin. He had thought that this was a compromise between the parties.
Gaynor Soileau, the attorney for Ville Platte, by affidavit and testimony at the hearing stated as follows: Shortly after the appellate decision he contacted Wendel Fusilier and advised him the City was demanding indemnity from Paul Fontenot and/or Paul N. Fontenot, Inc. based upon Mr. Fontenot's actions and the contract between the parties. Mr. Fusilier advised him he would recommend that Aetna pay the judgment. He was later informed by Mr. Fusilier that Aetna had agreed to pay the judgment. He never had Aetna or Mr. Fontenot sign a release. Shortly after Mr. Aucoin and M & A Farms had received payment, he was informed by Mr. Aucoin that Aetna was alleging that the check was erroneously made because the policy did not cover contractual liability.
Preston Aucoin, in an affidavit and at the hearing stated as follows: The Town of Ville Platte has never paid the judgment. Shortly after the appellate decision he received a call from Mr. Fusilier who informed him that since Mr. Fontenot was ultimately liable to the city, Aetna would probably pay off the judgment in order to prevent suit being filed by the city. The same facts were communicated to him by Mr. Soileau. Later he received a check from Aetna in the amount of the judgment, and he deposited and disbursed the funds from that check. He never obtained a written release from Aetna or Paul Fontenot.
In evidence is a letter dated January 21, 1983, from Aetna to Gaynor Soileau, informing him that the payment had been erroneously made and sent to Mr. Fusilier. The letter stated that Aetna did not provide contractual liability.
The affidavit of Irma McCoy, the claims representative for Aetna, declared that Aetna issued the check in the sum of $3,992.90 to M & A Farms, Ltd., and its attorney, Preston Aucoin, laboring under the mistake of fact that the appellate court had affirmed the district court decision against Aetna. Shortly after the issuance of the check, she learned the appellate decision had in fact reversed the judgment against Aetna, and she then demanded the return of the money, without success. She stated that Aetna at no time intended to settle any potential cause of action which the Town of Ville Platte may have had against Aetna.
On the basis of this summary judgment evidence we are not at all convinced that Aetna's intent was to compromise a disputed claim. As this court said in Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3rd Cir.1982):
"[1-4] Preliminarily, it should be noted that a motion for summary judgment should be granted only if the pleadings, *1326 depositions, answers to interrogatories, admissions on file, together with the affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966. Papers supporting the position of the party moving for summary judgment are to be closely scrutinized, while the opposing papers are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). A summary judgment is not appropriate when it is based upon affidavits and accompanying pleadings and other documentary evidence to establish subjective facts such as motive, intent, good faith or knowledge. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir.1974), writ ref. 302 So.2d 308 (La.1974), Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La. App. 3rd Cir.1969). Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubts should be resolved in favor of a trial on the merits. Cates v. Beauregard Elect. Coop., Inc., 328 So.2d 367 (La. 1976); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Clement v. Taylor, 382 So.2d 231 (La.App.3rd Cir.1980).
"[5] Nor is summary judgment appropriate as a vehicle for the disposition of a case, the ultimate decision in which will be based on opinion evidence or the judicial determination of subjective facts. Butler v. Travelers Ins. Co., 233 So.2d 271 (La.App. 1st Cir.1970); Smith v. Preferred Risk Mutual Ins. Co., 185 So.2d 857 (La.App. 3rd Cir.1966)."
In the analogous case of Hall v. Management Recruiters of New Orleans, Inc., 332 So.2d 509 (La.App. 4th Cir.1976) the plaintiff filed suit for back wages and breach of contract. In its answer defendant alleged that plaintiff was paid all wages due and that she compromised her claim by accepting defendant's check for $342.38. Defendant moved for summary judgment supported by an affidavit of defendant's president in which he recited that he tendered a check to the plaintiff on the back of which was the wording "For final payment of all back due salaries, commissions, or any other emoluments." The check had been endorsed by plaintiff. In determining whether the trial court properly granted defendant's motion for summary judgment based on the alleged compromise, the appellate court found that the simple notation on defendant's check and the cashing of the check did not establish a clear intention on plaintiff's part to accept defendant's offer of compromise. The court found that such issues involving the intention of the parties were questions of fact, and in the absence of an explicit and detailed contract of compromise, were rarely appropriate for summary judgment.
In the present case defendants contend that there was a compromise agreement between Aetna and the Town of Ville Platte and that the check issued by Aetna to M & A Farms, Ltd., and Preston Aucoin was evidence of that agreement. However, the Aetna representative testified that Aetna never intended to compromise a potential claim that the town had against its insured, and that it issued the check under the mistaken belief that the appellate court had affirmed the district court's judgment holding Aetna and its insured liable. Thus, there is a factual dispute as to whether there was an agreement to compromise the claim, and it was accordingly not appropriate to grant the defendants' motion for summary judgment.
Also on appeal defendants raise the correctness of the trial court's judgment in dismissing their exceptions of no cause of action and nonjoinder of indispensable and/or necessary parties. We find that the plaintiff's petition does state a cause of action under La.Civil Code art. 2310. This article states in pertinent part:
"Art. 2310. Payment of debt of another
"He who, through mistake has paid the debt of another to whom he believed himself indebted, has a claim to restitution from the creditor."
In the present case Aetna's petition stated that it paid M & A Farms and Preston Aucoin thinking that it was liable under the district court judgment. However, the judgment, insofar as it involved Aetna, had been set aside. Under these facts Aetna *1327 through mistake had paid the debt of the Town of Ville Platte, and has a cause of action against the creditors, M & A Farms and Preston Aucoin, for restitution.
It is also clear under this article that the only party defendant necessary to such an action is the creditor. Therefore we find that the trial court properly overruled the defendants' exceptions of nonjoinder of indispensable and/or necessary parties.
For the above reasons, the judgments overruling all of the defendants' exceptions are affirmed. The judgment granting defendants' motion for summary judgment is reversed and set aside, and the case is remanded to the trial court for further proceedings. Defendants will pay all costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.