520 So.2d 795 (1987)
Preston N. AUCOIN, Plaintiff-Appellee,
v.
AETNA CASUALTY & SURETY COMPANY, Defendant-Appellant.
No. 86-1051.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
*796 Preston N. Aucoin and Gilbert W. Aucoin, Ville Platte, for plaintiff-appellee.
Voorhies & Labbe, Amos H. Davis and Craig Jones, Lafayette, for defendant-appellant.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
LABORDE, Judge.
This suit involves a claim of malicious prosecution brought by plaintiff, Preston Aucoin (Aucoin) against Aetna Casualty & Surety Co. (Aetna). Aucoin prevailed in the lower court which awarded damages of $9,999.00. Aetna appeals this judgment claiming that plaintiff did not prove all of the elements of malicious prosecution. Aucoin, on the other hand, seeks that his damage award be increased to $50,000. We reverse.
The facts of this case are not new to this court as the dispute upon which Aucoin's claim is based has been greatly litigated. In short, the underlying controversy was *797 based upon damage to property owned by M & A Farms, Ltd. in Ville Platte, Louisiana. The damage involved was to a levee and occurred when the Town of Ville Platte was resurfacing and improving roads. Town of Ville Platte hired Paul Fontenot to provide all engineering services for the project and Dodge Construction Co. to do the construction work. M & A Farms was able to recover damages against Town of Ville Platte for trespass, destruction of the levee, loss of crops, etc. Town of Ville Platte prevailed in its third party demand against Dodge and Dodge prevailed in its third party demand against Paul Fontenot (who is insured by Aetna).[1] This court affirmed the trial court's award of damages against the Town of Ville Platte, however the indemnity awards to Town of Ville Platte against Dodge and to Dodge against Paul Fontenot were reversed.[2] An employee of Aetna (whom Aetna claims was still a trainee at the time) then issued a check for the amount of $3,992.90 payable to M & A Farms and its attorney, Preston Aucoin. Aetna claims that this check was erroneously written by the employee under the mistaken belief that Aetna (as insurer of Paul Fontenot) still had a valid claim against it based upon the judgment rendered by the trial court. The employee allegedly did not understand that this court had reversed the indemnity award against Paul Fontenot.
After several unsuccessful attempts by this employee and Aetna's attorney to recover the money paid to M & A Farms and Aucoin, Aetna filed suit against the two for unjust enrichment. The trial court in that matter held that the check written by Aetna was, in fact, a compromise and not a payment by mistake. By summary judgment the trial court dismissed Aetna's suit for unjust enrichment. This court, however, reversed the trial court's grant of summary judgment and held that there was a genuine issue of material fact as to the unjust enrichment claim in Aetna Cas. & Sur. Co. v. M & A Farms, Ltd., 462 So.2d 1323 (La.App. 3d Cir.1985). A more complete statement of the facts and holding of that case are stated therein. Thus the unjust enrichment claim by Aetna against M & A Farms and Aucoin was remanded to the trial court for a determination on the merits. Afterwards, Aucoin filed a claim for malicious prosecution against Aetna. Aetna then attempted to compromise the matter by dismissing its claim for unjust enrichment against Aucoin if Aucoin would drop the malicious prosecution suit. Aucoin refused. Aetna dismissed its suit anyway claiming that it was not cost efficient to pursue the $3,992.90 claim. In Aucoin's malicious prosecution suit, the trial court found in plaintiff's favor and awarded him damages of $9,999.00. Aetna now appeals that decision while Aucoin requests that his award be increased to $50,000.

MALICIOUS PROSECUTION
In order for a plaintiff to prevail in a suit for malicious prosecution, the following elements must be present:
(1) The commencement or continuance of an original criminal or civil judicial proceeding.
(2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
(3) Its bona fide termination in favor of the present plaintiff.
(4) The absence of probable cause for such proceeding.
(5) The presence of malice therein.
(6) Damage conforming to legal standards resulting to plaintiff.
Jones v. Soileau, 448 So.2d 1268, 1271 (La. 1984); Johnson v. Pearce, 313 So.2d 812, 816 (La.1975); Lees v. Smith, 363 So.2d 974, 978 (La.App. 3d Cir.1978).
Louisiana courts do not favor actions for malicious prosecution and for such an action to exist, "a clear case must be established where the forms of justice *798 have been perverted to the gratification of private malice and the willful oppression of the innocent." Johnson v. Pearce, 313 So. 2d at 816. The law protects persons who resort to the courts to redress wrongs when they act in good faith upon reasonable grounds in commencing such a proceeding. Id. at 816.
In the present matter, the first two elements of a malicious prosecution claim are clearly met as there was a civil lawsuit brought against the present plaintiff (Aucoin) by the present defendant (Aetna). As to damages (element # 6) these will be presumed in a case where all of the other elements of a suit for malicious prosecution are present. Hibernia National Bank of N.O. v. Bolleter, 390 So.2d 842, 844 (La. 1980); Robinson v. Goudchaux's, 307 So. 2d 287, 290 (La.1975). Plaintiff claims that by dismissing the unjust enrichment claim, Aetna has allowed termination of that matter in favor of Aucoin. He argues that the suit was dismissed with prejudice two days before the suit on the merits was set to be heard and that this should be looked at as the defendants admitting that they had no case against Aucoin. Aetna, on the other hand, asserts that the suit was dismissed simply because pursuit of a $3,992.90 claim in court any further would not be cost effective. We choose not to consider whether the dismissal of the unjust enrichment claim could be considered as a termination in Aucoin's favor and instead focus our attention on malice and probable cause, the other elements of a malicious prosecution claim.
Malice exists when a charge is made with knowledge that it is false or with reckless disregard for the truth. Stark v. Eunice Superette Inc., 457 So.2d 291, 294-295 (La.App. 3d Cir.), writ denied, 461 So. 2d 316 (La.1984).
In attempting to display the malice of Aetna in this matter, Aucoin points to two statements made by Aetna in pleadings. The first statement was made in Aetna's unjust enrichment petition:

"7.
M & A Farms and Preston Aucoin had no legal, moral or equitable right to receive $3,992.90 from Aetna Casualty & Surety Company."
Aucoin then points to language used in a post trial memorandum to the court by Aetna which stated:
"... However, it's already very difficult for an insurance company to get fair treatment in Ville Platte and if Aetna would have pursued the unjust enrichment suit, it would have made things even more difficult for Aetna to get justice out of the Ville Platte legal establishment."
Aucoin claims that these statements made by Aetna prove malice on the part of Aetna. The trial court agreed. We, however, do not agree. Aetna's statements simply conveyed the fact that it believed the money was erroneously paid to Aucoin and M & A Farms. We do not feel that saying Aucoin had no "legal, moral or equitable right" to the funds can be read as an allegation of legal and moral turpitude of Aucoin as he claims it does. The second statement, where Aetna conveyed its feelings that it would not get fair treatment in Ville Platte, is not the kind of statement that is calculated to win friends or influence people, but we hardly feel that such a statement is evidence of malice.[3]
The plaintiff claims that he is not required to prove malice by Aetna. The trial court agreed with this assertion citing Wattigny v. Lambert, 408 So.2d 1126 (La. App. 3d Cir.), writ denied, 410 So.2d 760 (La.1981), cert. denied, 457 U.S. 1132, 102 S.Ct. 2957, 73 L.Ed.2d 1349 (1982). We do not agree with plaintiff's assertion that Wattigny stands for a general rule that proof of malice is not required in a malicious prosecution case. Wattigny involved facts somewhat similar to the present matter, but the plaintiff brought an action based upon defamation and malicious prosecution *799 while here we are only concerned with a claim of malicious prosecution. Most of the court's reasoning in Wattigny dealt with the tort of defamation. That case can be read as standing for the proposition that malice can be inferred when there is a conspicuous lack of probable cause in filing the initial lawsuit. This proposition is not new to our jurisprudence and has been recognized by the Louisiana Supreme Court. See Robinson v. Goudchaux's, 307 So.2d 287 (La.1975). Plaintiff's claim here thus hinges on whether or not Aetna filed its initial suit for unjust enrichment against Aucoin without probable cause.
Louisiana courts have held that there is a lack of probable cause when there is wanton and reckless disregard for the rights of the party sued which indicates a lack of caution and inquiry a prudent person would employ before suing someone. The test for probable cause is whether a reasonable person would have acted the same under the circumstances. Hibernia National Bank v. Bolleter, 390 So.2d at 844; Blackwell v. Blackwell, 479 So.2d 1085, 1087 (La.App. 3d Cir.1985); Ryland v. Taylor Porter, Brooks, & Phillips, 496 So.2d 536, 540 (La.App. 1st Cir.), writ denied, 497 So.2d 1388 (La.1986). The existence of probable cause depends upon the particular facts of the case. It does not depend merely upon the actual state of facts, but upon the defendant's honest belief of the facts in making the charge against the plaintiff. Blackwell v. Blackwell, 479 So.2d at 1087; Lees v. Smith, 363 So.2d at 978. Public policy requires that all persons have a right to resort to the courts for redress of wrongs and such persons are protected by the law when they act in good faith and upon reasonable grounds. Hibernia National Bank v. Bolleter, 390 So.2d at 844.
Under the facts of the present case, we believe that Aetna had probable cause to file its claim against Aucoin and M & A Farms for unjust enrichment. We feel that there was sufficient reason for Aetna to question whether such payment was actually owed to Aucoin and M & A Farms, especially considering the fact that the judgment requiring Paul Fontenot to indemnify Dodge Construction (and thus requiring Aetna to pay) was reversed. See M & A Farms, Ltd. v. Town of Ville Platte, 422 So.2d 708. Aetna made efforts to have this money returned, but these efforts were fruitless. They thus took the legal recourse available to them and filed suit for unjust enrichment.[4] Although plaintiff contends that Aetna knew that it did not have any chance to succeed in its unjust enrichment claim, we feel that there was probable cause for Aetna to file their claim of unjust enrichment and thus hold that they cannot be held liable for damages for malicious prosecution.
For the above reasons, the judgment appealed from is reversed. Costs of this appeal are taxed to appellee, Preston Aucoin.
REVERSED AND RENDERED.
NOTES
[1] The facts and reasons for the prior holding are more fully set forth in M & A Farms, Ltd. v. Town of Ville Platte, 422 So.2d 708 (La.App. 3d Cir.1982).
[2] M & A Farms, Ltd. v. Town of Ville Platte, 422 So.2d at p. 713.
[3] It should also be noted that this statement was made in a post trial memorandum filed by Aetna and thus was not in evidence before the trial court in Aucoin's claim of malicious prosecution.
[4] LSA-C.C. Art. 2301:

"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."
LSA-C.C. Art. 2302:
"He who has paid through mistake, believing himself a debtor, may reclaim what he has paid."
LSA-C.C. Art. 2304:
"A thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released."