663 So.2d 75 (1995)
Dale TERRO d/b/a Dale's T.V. & VCR Repair, Plaintiff-Appellant,
v.
Helen H. CHAMBLEE, Defendant-Appellee.
No. 95-70.
Court of Appeal of Louisiana, Third Circuit.
July 19, 1995.
*76 Charles Schrumpf, Sulphur, for Dale Terro d/b/a Dale's T.V. & VCR Repair.
Winfield Earl Little Jr., Lake Charles, for Helen H. Chamblee.
Before KNOLL, COOKS, and PETERS, Judges.
KNOLL, Judge.
Dale Terro, doing business as Dale's T.V. & VCR Repair (hereafter referred to as Terro), appeals a judgment dismissing his claim against Helen Chamblee for malicious prosecution. We affirm.

FACTS
The facts underlying the present litigation involve an allegedly defective satellite receiver sold by Terro to Mrs. Helen Chamblee in January 1992. Mrs. Chamblee was satisfied with her satellite system until November 1992, when HBO, Showtime, and other cable providers scrambled their satellite transmissions. This prevented satellite dish owners like Mrs. Chamblee from capturing the transmissions without paying the cable provider. After Mrs. Chamblee complained to Terro, he told her that she needed to purchase a descrambling device in order to receive a clear picture, but that there was nothing wrong with the receiver itself. Nevertheless, Mrs. Chamblee filed suit against Terro in Sulphur City Court on January 25, 1993, alleging that the satellite receiver was defective and seeking return of the purchase price.
After the petition was served, Terro contacted Mrs. Chamblee's attorney and offered to demonstrate that the receiver worked properly. The offer was refused. Terro then filed a motion for inspection of the receiver. After a contradictory hearing on March 9, 1993, the motion was granted and the inspection was ordered to take place within ten days thereafter. This inspection did not occur. On at least two other occasions, counsel for Terro attempted unsuccessfully to arrange a demonstration of the receiver through counsel for Mrs. Chamblee. Finally, on July 28, 1993, Terro filed a motion to dismiss Mrs. Chamblee's suit for failure to allow discovery. The motion was set for hearing on September 1. Neither Mrs. Chamblee nor her attorney appeared at the hearing, and the suit was dismissed at her cost. A judgment of dismissal was signed on September 10, 1993.
On October 14, 1993, Terro filed suit against Mrs. Chamblee for malicious prosecution. In his suit, Terro sought damages of $85.27 for an unpaid repair bill, $750 in attorney's fees for the defense of Mrs. Chamblee's suit, costs of court, and damages for inconvenience, emotional harm, and injury to his business reputation. The trial judge dismissed the suit, finding: (1) Terro was obligated to bring his malicious prosecution claim as a reconventional demand in Mrs. Chamblee's suit, and thus Terro's suit was barred by res judicata; (2) Terro presented no evidence to support his claim for damages for emotional harm and injury to his business reputation; and (3) Terro did not present sufficient evidence that Mrs. Chamblee lacked probable cause to bring her suit.[1]
Terro brings this appeal, assigning as error (1) the trial court's holding that his claim for malicious prosecution was barred by res judicata, which was not pleaded, but supplied by the trial court; and (2) the dismissal of the suit for failure to prove all the elements of the tort of malicious prosecution.

*77 RES JUDICATA
The trial court stated in his reasons for judgment that Terro's malicious prosecution claim was barred by res judicata because Terro failed to raise it in the prior proceeding. He stated that "when [Terro] ... determined that there was an absence of probable cause in the suit brought against him by HELEN H. CHAMBLEE, ... under Code of Civil Procedure Article 1061 he was obligated in [Mrs. Chamblee's suit] to bring a claim for malicious prosecution."[2] We disagree; however, we need not reach this issue because Mrs. Chamblee's failure to specially plead the exception of res judicata left the trial court powerless to supply it of its own motion. La.Code Civ.P. art. 927.

MALICIOUS PROSECUTION
To prevail in an action for malicious prosecution, the plaintiff must prove the following six elements:
(1) The commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damage conforming to legal standards resulting to plaintiff.
Robinson v. Goudchaux's, 307 So.2d 287 (La. 1975) (citing Eusant v. Unity Indus. Life Ins. Ass'n, 195 La. 347, 196 So. 554 (1940)).
Malicious prosecution actions are not favored in our law, and it has been said that "in order to sustain them, a clear case must be established, where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent." Johnson v. Pearce, 313 So.2d 812, 816 (La.1975) (citing Sandoz v. Veazie, 106 La. 202, 30 So. 767 (1901)).
There is no dispute concerning Terro's proof of the first two elements. However, for the reasons which follow, we find that there was not a bona fide termination of the prior proceeding, namely Mrs. Chamblee's suit, and that Terro's claim for malicious prosecution was properly dismissed.
There is very little guidance provided by the jurisprudence concerning the third element, "bona fide termination" of the prior proceeding in favor of the present plaintiff. The trial judge in the case sub judice was of the opinion that to support a claim for malicious prosecution, the termination must be based upon an absence of probable cause. In his reasons for judgment, he stated:
"However, the Court is not of the opinion and has been cited no authority for the proposition that a dismissal for failure to allow discovery is an adjudication reflecting the termination of the previous litigation based upon the absence of probable cause. The dismissal of the suit based upon the failure to make discovery is in effect a sanction for impropriety in the discovery process. However, it is not an adjudication of the merits."
Terro argues in brief that he is not required to prove that the underlying suit was dismissed because of an absence of probable cause. Therefore, he contends, the fact that Mrs. Chamblee's suit was dismissed for her failure to allow discovery is not relevant to his malicious prosecution claim.
We disagree. A bona fide termination does not occur merely because the defendant has prevailed in the prior proceeding; such termination must also reflect the defendant's innocence of the wrongful conduct alleged therein. Although it is not necessary that the prior proceeding terminate following a trial on the merits, a bona fide termination must reflect the merits of the underlying action. This would be true where, for example, a criminal proceeding is dismissed for lack of sufficient evidence of guilt following a preliminary examination. On the other hand, a merely procedural victory, such as a dismissal on an exception of *78 prescription or for failure to allow discovery, as in the case sub judice, does not relate to the merits of the suit and thus is not a bona fide termination for purposes of a subsequent action for malicious prosecution.
Therefore, we find Terro's claim to be without merit.

DECREE
For the foregoing reasons, we affirm the judgment of the trial court dismissing Terro's suit against Helen Chamblee for malicious prosecution. Costs of appeal are assessed to Dale Terro.
AFFIRMED.
COOKS, J., dissents with reasons and concurs in part.
PETERS, J., concurs in results only.
COOKS, Judge, concurring in part and dissenting in part.
I too find defendant failed to timely assert the exception of res judicata. Louisiana Code of Civil Procedure article 927 bars the trial court from supplying the exception sue sponte. It must be specially pled by the party relying on it.[1]
However, I disagree with the majority's conclusion that plaintiff's suit, nevertheless, was properly dismissed because he failed to establish the third element necessary to prevail on a malicious prosecution suit. As the majority correctly notes to prevail in an action for malicious prosecution, plaintiff must prove the following six elements:
(1) The commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;

(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damage conforming to legal standards resulting to plaintiff.
Because the original suit was dismissed for Chamblee's failure to allow discovery, the majority finds such dismissal did not constitute a "bona fide termination of the prior proceeding," the third element listed. Noting "very little guidance" exists in the jurisprudence on exactly what proof is required to establish a "bona fide termination" of the prior proceeding, the majority (without citing a single case or referencing any other legal authority) concludes a bona fide termination must reflect the merits of the underlying action. They reasoned:
"This would be true where, for example, a criminal proceeding is dismissed for lack of sufficient evidence of guilt following a preliminary examination. On the other hand, a merely procedural victory, such as dismissal on an exception of prescription or for failure to allow discovery, as in the case sub judice, does not relate to the merits of the suit and thus is not a bona fide termination for purposes of a subsequent action for malicious prosecution."
This reasoning is flawed because it leads to absurd results neither compelled by law nor jurisprudence. A malicious filer could avoid the legal consequences which should flow from his or her action in bringing a wrongful and damaging suit simply by initiating and not pursuing it; thus, forcing the victim (defendant) to seek dismissal of the suit for lack of prosecution or, as in this case, failure to allow discovery. The malicious filer also could dismiss the suit to prevent a later action by defendant for damages. Although such dismissals (characterized by the majority as merely procedural victories) are nonetheless bona fide in nature and suffice to terminate the litigation, parties in whose favor they are issued could never successfully institute suits for damages against the malicious filers. The majority references no *79 authority to support its reasoning because none exists.[2]
Contrary to the majority's suggestion and example, a court ruling on the "merits" of a criminal prosecution is not necessary to establish the third element of a malicious prosecution suit. Numerous courts, including ours, have held proof that a charge has been dismissed by the district attorney sufficiently establishes a bona fide termination of the original proceedings giving rise to a suit for malicious prosecution. Steadman v. Sladovich, 430 So.2d 816 (La.App. 5 Cir.1983); Parks v. Winnfield Life Ins. Co., 336 So.2d 1021 (La.App.3d Cir.), writ refused 339 So.2d 351 (La.1976); Cormier v. Blake, 198 So.2d 139 (La.App. 3 Cir.1967); Glisson v. Biggio, 139 La. 23, 71 So. 204 (1916).
Simply put, I am not willing to overlook well-settled jurisprudence soundly premised on an understanding that the real purpose for requiring proof of the third element in malicious prosecution suits is to prevent plaintiffs from prematurely filing claims for damages. As stated in Weldon v. Republic Bank, 414 So.2d at 1364 "the theory being that the prosecution may terminate unfavorably to the plaintiff claiming damages therefrom, in which event the court would have uselessly given time to the determination of plaintiff's damages." See also W.B. Thompson & Co. Gosserand, 128 La. 1029, 55 So. 663 (1911). Thus, an action for malicious prosecution does not come into existence until a final judgment of dismissal is entered in the original suit in plaintiff's favor. It matters not whether the dismissal in plaintiff's favor is purely procedural or results after full trial on the merits. Only its finality is important in determining whether the original suit was terminated and thereby gave birth to a malicious prosecution claim. The termination need not "reflect" the merits of the underlying action because the burden also rests on plaintiff to establish the absence of probable cause and the presence of malice. The latter proof speaks on the "merits" of the terminated action.
Further, the trial judge and this court's majority wrongly focused on the judgment of dismissal as factually dispositive in determining whether plaintiff presented sufficient proof to show the original suit was instituted without probable cause. Terro correctly argues in brief he is not required to prove the underlying suit was dismissed because of the absence of probable cause. Though he is required ultimately to prove the absence of probable cause, the evidence he elects to present in establishing this element is not limited to showing the original suit was dismissed because it lacked probable cause. He is permitted to present proof by other evidence tending to show this fact. The manifest confusion in the trial court and this court's majority analyses caused them, in my view, to prematurely conclude (without reviewing the whole record) that plaintiff failed to establish his claim for damages from the alleged malicious prosecution. Therefore, I respectfully dissent.
NOTES
[1] Although the trial court found that Terro's suit was barred by res judicata, his reasons for judgment discuss in detail the merits of the malicious prosecution claim.
[2] La.Code Civ.P. art. 1061(B) requires that a defendant assert in a compulsory reconventional demand all causes of action he may have against the plaintiff that arise out of the transaction or occurrence that is the basis for the plaintiff's suit.
[1] Moreover, the exception should not have been granted (even if properly raised) because legally Terro was not required to assert the claim at issue by reconventional demand in the original suit. A cause of action for malicious prosecution does not come into existence until the original suit giving rise to it is terminated. Weldon v. Republic Bank, 414 So.2d 1361, 1364 (La.App. 2 Cir.1982).
[2] Aucoin v. Aetna Casualty & Surety Co., 520 So.2d 795 (La.App. 3 Cir.1987) is the only reported Louisiana case where the court was called to consider an argument encouraging it to accept reasoning similar to that adopted by this court's majority. The Aucoin court, however, chose not to consider the argument instead opting to "focus [its] attention on malice and probable cause, the other elements of a malicious prosecution claim." Id. at 798.