769 So.2d 606 (2000)
SOUTHERN GENERAL AGENCY, INC.
v.
SAFEWAY INSURANCE COMPANY OF LOUISIANA.
No. 99-1892.
Court of Appeal of Louisiana, Third Circuit.
June 7, 2000.
Writ Denied October 6, 2000.
Henry Bruser, Gold, Weems, Bruser, Sues & Rundell, Alexandria, Louisiana, Counsel for Plaintiffs/Appellees.
Claude F. Reynaud, Jr., Breazeale, Sachse & Wilson, Baton Rouge, Louisiana, J. Michael Percy, Percy, Smith, Foote & Gadel, Alexandria, Louisiana, Counsel for Defendant/Appellant.
(Court composed of Judge JIMMIE C. PETERS, Judge GLENN B. GREMILLION, Judge ELIZABETH A. PICKETT).
GREMILLION, Judge.
The plaintiff-in-reconvention, Safeway Insurance Company of Louisiana (Safeway of Louisiana), appeals the judgment of the trial court sustaining a peremptory exception of no cause of action filed by the defendant-in-reconvention, Southern General Agency, Inc. For the following reasons, we affirm.

FACTS
For years, Southern General, a Louisiana licensed surplus line broker, acted as *607 broker and general agent for Safeway Insurance Company (Safeway), a non-admitted insurer, in the sale of automobile casualty insurance in Louisiana, Texas, and Mississippi. In Louisiana, the relationship between the parties was pursuant to oral and written contracts executed by Jack Ikenaga, Southern General's president, and Barry Mitchell, Safeway's executive vice-president.[1] Southern General received a commission from Safeway on each policy sold as compensation for its actions. Thereafter, Safeway formed Safeway of Louisiana, a domestic, subsidiary insurer, in order to avoid the higher taxes, premiums, and fees paid by surplus lines insurers. Safeway of Louisiana then filed an application with the Louisiana Department of Insurance (Department) for a certificate of authority to sell insurance in Louisiana.
Ikenaga retired from Safeway in December 1995, and was succeeded by Charles Bradford Wolfe. When Southern General learned that Wolfe and Safeway allegedly intended to terminate its agency agreement and appropriate its book of business to avoid paying commissions, it intervened in Safeway of Louisiana's application with the Department. However, it withdrew its opposition on the date of the hearing on the intervention. On June 26, 1997, Safeway terminated its agency agreement with Southern General as to Mississippi and Texas. In April 1997, Safeway of Louisiana was granted a certificate of authority by the Department and commenced writing policies in Louisiana.
The instant litigation began with Southern General's petition seeking damages for Safeway of Louisiana's alleged violation of Louisiana's Unfair Trade Practices Act through its actions in trying to appropriate Southern General's book of business.[2] Safeway of Louisiana filed exceptions of vagueness and no cause of action, both of which were denied by the trial court. In addition to its answer, Safeway of Louisiana filed a reconventional demand seeking damages for Southern General's alleged malicious prosecution and violation of the Louisiana Unfair Trade Practices Act in opposing its certificate of authority. In response, Southern General filed a peremptory exception of no cause of action. Following a hearing, the trial court sustained Southern General's exception and dismissed Safeway of Louisiana's reconventional demand with prejudice. A judgment was rendered in this matter on April 21, 1999. Although Safeway of Louisiana requested written reasons from the trial court, none were issued. This appeal followed.

ISSUES
Safeway of Louisiana raises three assignments of error on appeal. The first assignment concerned the trial court's failure to provide written reasons. However, since this assignment of error was not briefed it will be considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4. The remaining assignments of error concern the trial court's error in sustaining Southern General's peremptory exception of no cause of action with respect to Safeway of Louisiana's reconventional claims of malicious prosecution and unfair trade practices.

NO CAUSE OF ACTION
A peremptory exception of no cause of action determines the sufficiency in law of the petition; since it raises a question of law, it is reviewed de novo on appeal. New Orleans v. Board of Directors of the Louisiana State Museum, 98-1170 (La.3/2/99); 739 So.2d 748; Jones *608 v. Tezeno, 99-1693 (La.App. 3 Cir. 3/1/00); 758 So.2d 896. Since the exception tests the sufficiency of the petition, it is triable on the face of the papers, and all well-pleaded facts are accepted as true. Id. No evidence is admissible to support or controvert the petition. La.Code Civ.P. art. 931. "Simply, if the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail." Id. at 899.

MALICIOUS PROSECUTION
In order to prevail in an action for malicious prosecution, a plaintiff must prove:
(1) The commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damage conforming to legal standards resulting to plaintiff.
Terro v. Chamblee, 95-70, p. 3 (La.App. 3 Cir. 7/19/95); 663 So.2d 75, 77, citing Robinson v. Goudchaux's, 307 So.2d 287 (La.1975). This court further stated:
Malicious prosecution actions are not favored in our law, and it has been said that "in order to sustain them, a clear case must be established, where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent." Johnson v. Pearce, 313 So.2d 812, 816 (La.1975) (citing Sandoz v. Veazie, 106 La. 202, 30 So. 767 (1901)).
Terro, 663 So.2d at 77.
In this instance, we find that Safeway of Louisiana's reconventional demand fails to state a cause of action for malicious prosecution because it does not satisfy the first two elements listed above. Safeway of Louisiana's claim is based on Southern General's opposition to its application for a certificate of authority from the Commissioner of Insurance. However, this was an administrative proceeding, not an "original civil judicial proceeding." Moreover, if no such proceeding existed, Safeway of Louisiana could not have been a defendant. The trial court's sustaining of Southern General's peremptory exception of no cause of action as it pertains to the malicious prosecution claim is affirmed. This assignment of error is dismissed as being without merit.

UNFAIR TRADE PRACTICES
In its final assignment of error, Safeway of Louisiana argues that the trial court erroneously sustained Southern General's peremptory exception of no cause of action as it pertained to its claim under the Louisiana Unfair Trade Practices Act.
The Unfair Trade Practices and Consumer Protection Law declares unlawful any unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce. La. R.S. 51:1401, et seq. However, actions or transactions subject to the jurisdiction of the insurance commissioner are exempt from this act as the Insurance Code provides its own unfair trade practices provisions. La.R.S. 51:1406; La.R.S. 22:1211, et seq. La.R.S. 22:1214 defines the methods, acts, and practices which are considered unfair and deceptive by the Insurance Code. Additionally, La.R.S. 22:1215 allows the commissioner of insurance the power:
[T]o examine and investigate into the affairs of every person engaged in the business of insurance, including violations of R.S. 22:1249 et seq., in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this Part.
Thus, we find that Safeway of Louisiana's allegation of Southern General's unfair *609 trade practices is specifically exempted from the Unfair Trade Practices and Consumer Protection Law by La.R.S. 51:1406. Although the alleged actions of Southern General may not be precisely defined by La.R.S. 22:1214, the insurance commissioner has the power to investigate whether Southern General engaged in unfair or deceptive acts or practices. Accordingly, we affirm the trial court's sustaining of Southern General's peremptory exception of no cause of action as it pertained to Safeway of Louisiana's allegations of unfair trade practices. This assignment of error is also without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining Southern General Agency, Inc.'s peremptory exception of no cause of action is affirmed. The costs of this appeal are assessed to the plaintiff-in-reconvention-appellant, Safeway Insurance Company of Louisiana.
AFFIRMED.
NOTES
[1] An oral contract of agency was reached in 1984, while a written agreement was confected on September 2, 1989.
[2] This is not the first suit between these parties. Southern General and Mitchell initially filed suit against Safeway and Wolfe in the Ninth Judicial District, suit number 183,378. Safeway of Louisiana was later added as a defendant in this matter. Safeway also filed suit against Southern General in federal court in the Middle District of Louisiana, suit number 97-909-B-M2.