594 So.2d 937 (1992)
Eugene ALFRED, Sr., Plaintiff-Appellant,
v.
MID-SOUTH MACHINE, INC. & Sentry Indemnity Insurance Co., Defendants-Appellees.
No. 90-817.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*938 Aubrey & Ziegler, Wm. J. Ziegler, Jr., Domengeaux & Wright, Robert K. Tracy, Lafayette, for plaintiff-appellant.
Hurlburt, Privat & Monrose, M. Blake Monrose, Lafayette, for defendants-appellees.
Before DOUCET, YELVERTON, and KNOLL, JJ.
DOUCET, Judge.
This is a worker's compensation case. The plaintiff, Eugene Alfred, Sr., appeals a judgment of the trial court denying him worker's compensation benefits and rejecting his demand for the payment of certain medical expenses. He was injured when he fell from a pipe rack while in the course and scope of his employment with the defendant, Mid-South Machine, Inc. He received a lacerated knee which required sutures. Sometime after the accident, he complained of neck and back pain which he likewise related to the accident. He was paid weekly worker's compensation benefits and medical expenses from the date of the accident on December 24, 1987, through January 11, 1988, at which time his treating physician released him to return to work. The employer terminated benefits and Alfred sued. His suit was dismissed.
The plaintiff asserts as error the trial court's determination that he failed to carry his burden of proof that he was entitled to worker's compensation benefits and payment of medical bills. The sole issue for review is whether the plaintiff's condition was aggravated beyond January 11, 1988, by his work related accident, such as to make him entitled to benefits. Finding no manifest error, we affirm the judgment of the trial court.
Following the accident, the plaintiff sought advice and treatment from three different physicians. Dr. Donald J. Reed, the general practitioner who treated the plaintiff shortly after the accident, released the plaintiff for full work duties on January 11, 1988. He did not find any significant back or neck pain. Dr. Reed thought that Alfred's symptoms of pain were "greatly exaggerated".
Dr. Henry LaRocca, an orthopedic surgeon, knew Alfred's medical history. He performed a laminectomy on Alfred in 1977 and followed the plaintiff through 1983. He examined the plaintiff nearly a year after his 1987 accident and testified that he was no more disabled as a result of that accident than he was from his earlier unsuccessful surgery in 1977. He also noted no change in the plaintiff's anatomical condition as a result of his 1987 accident. Dr. LaRocca concluded that the plaintiff had a chronic back disorder in 1983, many years before the accident on which the present suit is based.
Dr. Watermeier, likewise an orthopedic surgeon, first examined the plaintiff on January 19, 1988. He detected moderate muscle spasms and diagnosed the back and *939 neck injury as a sprain to the muscles and ligaments. He opined that the 1987 accident aggravated the plaintiff's former problem.
In order for an employee to recover benefits under the Worker's Compensation Statutes of the State of Louisiana he must show that he received a personal injury by way of an accident arising out of and in the course and scope of his employment, and said injury necessitated medical treatment and/or rendered the employee either temporary totally disabled, permanent totally disabled, entitled to supplemental earning benefits, and/or permanent partially disabled. LSA-R.S. 23:1021; 1031; 1203; and 1221.
A Court of Appeal may not set aside a trial court's or jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Where there are two permissible views of the evidence, the fact finders choice between them cannot be manifestly erroneous or clearly wrong. Id.
Dr. Reed, plaintiff's own doctor, found him to be well and able to return to work on January 11, 1988. He testified by deposition regarding Alfred's complaints and said, "As far as if it were symptomatic, to be perfectly honest, I didn't believe him."
Of greater significance to us on this appeal, the trial judge didn't believe him either. This is implicit in the trial court's reasons for judgment, and particularly its comments regarding videotaped activity performed by Alfred, which we quote as follows:
"The defense introduced into evidence a videotape of the plaintiff, showing him working on an automobile bumper for approximately one and one-half (1½) hours. The Court notes that the video shows the plaintiff bending, stooping, squatting, raising his arms above his head and, in general, performing all of the body movements which the plaintiff testified he could not perform or could perform in only a limited manner. The Court observed the plaintiff performing these movements effortlessly and, apparently, with no resulting pain or limitation immediately after performing these functions."
The only medical testimony favoring plaintiff's case was that of Dr. Watermeier. The record shows, however, that Dr. Watermeier did not have a full understanding of plaintiff's medical history. For this reason, this doctor's evaluation loses much of its persuasiveness, and we cannot say the trial judge was clearly wrong in disregarding it. Rosell v. ESCO, supra.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.