I,YELVERTON, Judge.
Roger Conner appeals a judgment rendered by the Office of Workers’ Compensation on December 22, 1998. We affirm.
Conner sued Palermo Construction and its workers’ compensation insurer, Louisiana Safety Association of Timbermen Self Insurer’s Fund (LSAT), for a back injury. The case was tried on June 10, 1998.
The workers’ compensation judge found that Roger Conner was injured during the course and scope of his employment with Palermo Construction Company, Inc., on August 17, 1995. She found that he was entitled to medical expenses in the amount of $22,200 incurred by his treatment with Dr. Jeffrey Kozak in Houston, Texas. However, she denied his claim for indemnity benefits for disability, past or present, finding that there was no proof of any disability. The workers’ compensation judge also found that LSAT was the workers’ compensation insurer for Palermo. No penalties or attorney’s fees were awarded.
Conner assigns three errors. His 127 word, one-page argument simply restates the designations of error without any substantive elaboration. The brief does not *1133 comply with the requirements of Rule 2-12.4 of the Uniform Rules of the Courts of Appeal.
We have decided not to impose the sanctions of Rule 2-12.13. Instead, we will decide the case on the basis of our review of the record, our study of the appellee’s brief, and our duty under Louisiana Code of Civil Procedure Article 2164 to render any judgment which is just, legal, and proper upon appeal. We do this in order to avoid further delay in the finalization of the case.
laAfter reviewing the record, including the deposition of Dr. Jeffrey Kozak, we find that there is no manifest error in the workers’ compensation judge’s findings of fact and no error of law.
The judgment is affirmed at Roger Conner’s cost.
AFFIRMED.