782 So.2d 1145 (2001)
ST. AGNES HEALTH/REHABILITATION CENTER
v.
Prenella LEDET.
No. 00-1587.
Court of Appeal of Louisiana, Third Circuit.
March 21, 2001.
John Joseph Rabalais, Rabalais, Unland, etc., Covington, LA, Counsel for Defendant/Appellee St. Agnes Health/Rehabilitation Center.
Kristi Lyn Stroebel, Rabalais, Unland & Lorio, Covington, LA, Counsel for Defendant/Appellee, St. Agnes Health/Rehabilitation Center.
Prenella Ledet, In Proper Person, Breaux Bridge, LA, Plaintiff/Appellant.
*1146 Court composed of YELVERTON, PETERS, and GREMILLION, Judges.
GREMILLION, Judge.
In these consolidated cases, the defendant, Prenella A. Ledet, appeals the workers' compensation judge's grant of summary judgment in favor of the employer, St. Agnes Healthcare & Rehabilitation Center, and its workers' compensation insurer, Louisiana Health Care Self Insurers' Fund. The workers' compensation judge held that Ledet made false statements regarding prior back injuries and complaints for the purpose of obtaining workers' compensation benefits, in violation of La.R.S. 23:1208 and 1208.1.
Ledet alleged that she injured her back on January 11, 2000, while employed as a Certified Nursing Assistant by St. Agnes. As a result of this injury, Ledet filed a disputed claim for compensation seeking workers' compensation and medical benefits. (Office of Workers' Compensation docket number 00-02024). After investigating the matter, Louisiana Health Care filed a disputed claim for compensation alleging that Ledet did not sustain a compensable accident and that she "has engaged in action and/or inaction in violation of Section 1208 of the Act, resulting in a forfeiture of benefits, subjecting herself to the civil and criminal penalties." (Office of Workers' Compensation docket number 00-02023). These two matters were consolidated for trial purposes, pursuant to a Motion to Consolidate filed by St. Agnes. Thereafter, St. Agnes filed a motion for summary judgment on the issue of Ledet's violation of La.R.S. 23:1208 and 1208.1.
At the hearing on the motion for summary judgment, Ledet, who is not a lawyer, represented herself in proper person. The matter was submitted to the workers' compensation judge based on evidence submitted by St. Agnes. Ledet failed to introduce any evidence in contradiction of St. Agnes' claim into the record. After taking the matter under advisement, the workers' compensation judge ruled in favor of St. Agnes and Louisiana Health Care, dismissing Ledet's claims against it with prejudice.
Ledet, persisting in the representation of herself, appeals this judgment. However, she has failed to follow Uniform RulesCourts of Appeal, Rule 2-12.4 which requires the appellant to:
[S]et forth the jurisdiction of the court, a concise statement of the case, the action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion stating the precise relief sought.
Rule 2-12.4 further states, "All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." See Southern General Agency, Inc. v. Safeway Ins. Co. of Louisiana, 99-1892 (La.App. 3 Cir. 6/7/00); 769 So.2d 606, writ denied, 00-2055 (La.10/6/00); 771 So.2d 89.
In that regard, St. Agnes filed a motion to strike Ledet's brief alleging that it was not in proper form. We denied St. Agnes' motion summarily. We are aware that Ledet is not a lawyer and, as such, not trained, educated, and experienced in the law. We are also cognizant of a citizen's right to have access to the courts of this state including her right to have her case reviewed by an appellate court. See La. Const. arts. 1 § 19 and 22. Accordingly, we prefer to look to substance rather than form, in reviewing cases presented to us by lay persons. Further, we have recently *1147 reviewed a case where an appellant's brief did not conform to Rule 2-12.4 by exercising our inherent power and duty under the Louisiana Code of Civil Procedure Article 2164 to render any judgment which is just, legal, and proper upon appeal. Conner v. Palermo Constr. Co., Inc., 00-1399 (La.App. 3 Cir. 2/28/01); 782 So.2d 1132.[1]
Ledet submitted a brief narrative of her alleged accident which she concluded with the statement, "I feel that this action [the refusal of St. Agnes to pay her medical expenses] was not justified." We, therefore, have conducted a de novo review of the record of this case to determine whether the workers' compensation judge properly granted St. Agnes' motion for summary judgment. Magnon v. Collins, 98-2822 (La.7/7/99); 739 So.2d 191. Clearly, St. Agnes presented sufficient evidence to prove that Ledet made numerous misrepresentations, which the workers' compensation judge could have properly concluded were made in order to receive benefits. Ledet, on the other hand, offered no evidence in rebuttal. We conclude, as did the workers' compensation judge, that there is no genuine issue of material fact and that St. Agnes is entitled to a judgment as a matter of law. La. Code Civ.P. art. 966(B). Thus, the judgment of the workers' compensation judge granting St. Agnes' motion for summary judgment is affirmed at Ledet's cost.
AFFIRMED.
NOTES
[1] In Conner, appellant was represented by counsel who filed a brief which not only did not conform to Rule 2-14.4, but simply restated the designations of error without any substantive elaboration in a one-page, one-hundred-twenty-seven-word argument.