905 So.2d 410 (2005)
Johnny P. COSTALES
v.
TURNER INDUSTRIES.
No. 05-CA-36.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
*411 Johnny P. Costales, In Proper Person, Hahnville, Louisiana, for Plaintiff/Appellant.
John J. Rabalais, Robert T. Lorio, Covington, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Claimant, Johnny Costales, appeals a judgment dismissing his claim for worker's compensation benefits based upon a finding that he willfully filed false claims for mileage reimbursement, in violation of LSA-R.S. 23:1208. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
This case arises from an accident that occurred on November 26, 2001. Mr. Costales, who was employed by Turner Industries, Inc. ("Turner"), was working at the Kaiser Aluminum Plant in Gramercy, Louisiana. Mr. Costales asserts that he was following his supervisor, Max Pierce, across the street to get rubber boots when his feet and ankles were burned by acid that had flooded the street. As a result of this accident, Mr. Costales has undergone medical treatment, including skin grafting procedures on his feet. After the accident, the employer, Turner, paid compensation benefits to Mr. Costales, as well as his medical expenses, including reimbursement of mileage for his travel to and from his medical appointments.
On June 26, 2003, Mr. Costales filed a Disputed Claim for Compensation, asserting that he could not resume his prior work and that he was only able to earn minimum wage. On November 19, 2003, Turner filed a Disputed Claim for Compensation, alleging that Mr. Costales forfeited any entitlement to worker's compensation *412 benefits as a result of his willful misrepresentations in violation of LSA-R.S. 23:1208.
The matter came for trial on June 28, 2004. At the conclusion of trial, the worker's compensation judge gave the parties additional time to file post-trial memoranda. Thereafter, on August 25, 2004, the worker's compensation judge rendered a decision in which he dismissed Mr. Costales' claim for worker's compensation benefits, finding that Mr. Costales violated LSA-R.S. 23:1208 by willfully filing false claims for mileage reimbursement. It is from this decision that the claimant, Mr. Costales, appeals.

DISCUSSION
Turner asserts that this Court should not consider this appeal due to Mr. Costales' failure to comply with the requirements of the Uniform Rules  Courts of Appeal, Rule 2-12.4, which provides in part:
The brief of the appellant or relator shall set forth the jurisdiction of the court, a concise statement of the case, the action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion stating the precise relief sought.
* * *
All specifications or assignments of error must be briefed. The court may disregard the argument on that error in the event suitable reference to the record is not made.
Mr. Costales' "brief" is clearly not in compliance with the requirements of the Uniform Rules, Courts of Appeal, Rule 2-12.4. It is a one-page document, containing conclusory allegations with no assignments of error, no record references, no briefing of arguments, no certificate of service, and no jurisdictional statement. However, the courts of this State have considered briefs in improper form when filed by pro se claimants.
In St. Agnes Health/Rehabilitation Center v. Ledet, 00-02023 (La.App. 3 Cir. 3/21/01), 782 So.2d 1145, the claimant, Prenella Ledet, represented herself and filed a brief in improper form. The Third Circuit decided to consider the merits of her appeal, despite the lack of proper form, stating:
We are aware that Ledet is not a lawyer and, as such, not trained, educated, and experienced in the law. We are also cognizant of a citizen's right to have access to the court of this state including her right to have her case reviewed by an appellate court. Accordingly, we prefer to look to substance rather than form, in reviewing cases presented to us by lay persons. (Citations omitted).
Accordingly, because Mr. Costales is representing himself,[1] we consider the merits of his appeal, despite the improper form of his appellant brief.
On appeal, Mr. Costales argues that the worker's compensation judge erred in finding that he violated LSA-R.S. 23:1208 by making willfully false claims for mileage reimbursement, and in dismissing his claim for benefits.
In order to establish that a claimant has forfeited his right to worker's compensation benefits under LSA-R.S. 23:1208, the employer must show: 1) the claimant made a false statement or misrepresentation; 2) it was willfully made; *413 and 3) it was made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95), 660 So.2d 7, 12. A worker's compensation claimant's willful misrepresentations regarding mileage reimbursement subject him to the forfeiture of his worker's compensation benefits. St. Bernard Parish Police Jury v. Duplessis, 02-632 (La.12/4/02), 831 So.2d 955, 960; Heckel Logging, Inc. v. Pruitt, 33,314 (La.App. 2 Cir. 5/10/00), 759 So.2d 1044, 1046.
At trial, Mr. Glenn Broussard testified that he was the first claims adjuster assigned to Mr. Costales' case. He stated that he reviewed Mr. Costales' mileage reimbursement requests and noticed improprieties. He noted that some of the mileage reimbursement requests were for trips to physical therapy on dates when the clinic's records indicate he did not attend physical therapy. Mr. Costales was notified of the discrepancies and warned not to do it again. However, Mr. Broussard testified that Mr. Costales subsequently submitted inaccurate claims for mileage reimbursement, in which he overstated the mileage to and from his medical and related appointments.
Thomas Guins, a private investigator, testified that he was retained by Turner to assist with the investigation of Mr. Costales' mileage reimbursement requests. His investigation revealed that the actual mileage required for several of Mr. Costales' trips was significantly less than the mileage submitted by Mr. Costales.
Mr. Costales presented several explanations for the inaccuracies in his mileage reimbursement requests. He stated that he determined the mileage for some trips by adding the mileage on the road signs, and then rounding it off. He also testified that he did not read the mileage on the car's odometer, because he was not driving on some of the trips and some of the cars that he used had broken odometers. However, Mr. William O'Shee testified that he drove Mr. Costales to some appointments and, on the first trip, he showed him the mileage on the odometer. Mr. O'Shee also stated that the mileage was often excessive, because they would make side trips to visit Mr. Costales' son.
Mr. Costales further asserted that some of the inaccuracies in the dates of his appointments and the dates for which he claimed mileage reimbursement were due to his sending mileage reimbursement claims in advance of the scheduled appointments, but then not being able to make it to the appointment until another date. Mr. Costales also stated that Mike Behan, an adjuster on his case, had pre-approved his claims of 300 miles from Pollock, Louisiana to New Orleans, with no side trips, even though this mileage was in excess of the actual distance traveled. However, Mr. Behan denied approving the 300 mile figure.
In his written judgment, the worker's compensation judge stated the following:
The Court must observe that despite his diligent efforts to appear otherwise, Costales is a very sophisticated claimant, having had considerable experience with the worker's compensation system in the State of Louisiana. He has alleged numerous work-related injuries over a period of several years, and has filed several claims with the Office of Worker's Compensation Administration (OWCA). He has previously been held, on two different occasions, to have violated the fraud statute, LSA-R.S. 23:1208, by another division of this court.
On the date of trial, June 28, 2004, Costales did not make an appearance before this Court, he staged a performance.

*414 From all of the evidence before it, the Court has concluded that Costales willfully filed false claims seeking reimbursement for mileage. Despite Costales' allegations that any such claims were the result of inadvertence, ignorance, reliance on information provided by others, or a tacit understanding with the adjuster, the Court has concluded that other evidence and/or the testimony of other witnesses discredited or cast serious doubt upon Claimant's version of events. The Court has specifically concluded that Costales was not a credible witness. The Court found among other things that Costales claimed mileage for visits to doctors in the New Orleans area on days on which no such visit was scheduled, and of which the doctor has no record. Also, the Court found no evidence of an agreement with the adjuster to pay mileage for side trips to Leesville, Louisiana to visit his son, which had no relation in any way with medical treatment for his work-related injury.
The determination of whether or not a claimant has forfeited his worker's compensation benefits by willfully making false statements for the purpose of obtaining benefits is factual in nature. Gardner v. Nabors Offshore Corp., 01-773 (La.App. 3 Cir. 11/21/01), 800 So.2d 412, 415. Factual findings in worker's compensation cases may not be set aside by an appellate court unless they are manifestly erroneous or clearly wrong. Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375, 380. When factual findings are based on determinations of credibility of the witnesses, the trier of fact's findings are entitled to great deference, because only the fact finder can be aware of the variations in demeanor and tone of voice that bear heavily on the listener's understanding and belief in what is said. Lirette v. State Farm Insurance Company, 563 So.2d 850, 852 (La.1990); Dominici v. Wal-Mart Stores, Inc., 606 So.2d 555, 558 (La.App. 4 Cir. 9/29/92).
At trial, the testimony and evidence clearly revealed that Mr. Costales submitted inaccurate and false claims for mileage reimbursement. Although Mr. Costales offered several explanations for these discrepancies, the worker's compensation judge found that Mr. Costales was not credible. This finding is not only supported by the testimony and evidence regarding mileage reimbursement, but also by the numerous inconsistencies in the information given by Mr. Costales to his doctors, in his deposition, and at trial.
Considering the testimony and evidence in this matter, we find that the worker's compensation judge did not err in finding that Mr. Costales made willful misrepresentations for mileage reimbursement, and thus, forfeited his benefits. Accordingly, we affirm the judgment of the worker's compensation judge.

DECREE
For the reasons set forth above, we affirm the decision of the worker's compensation judge, finding that Mr. Costales forfeited his right to worker's compensation benefits pursuant to LSA-R.S. 23:1208 and dismissing his claim for benefits. All costs of this appeal are to be borne by the appellant, Johnny Costales.
AFFIRMED.
NOTES
[1] Mr. Costales was represented by counsel at trial, but his attorney subsequently withdrew.