935 So.2d 793 (2006)
STATE of Louisiana, Plaintiff-Appellee,
v.
Shawn Jamar BLANKENSHIP, Defendant-Appellant.
No. 41,107-JAC.
Court of Appeal of Louisiana, Second Circuit.
June 28, 2006.
Rehearing Denied August 17, 2006.
Shawn Jamar Blankenship, In Proper Person.
Paul J. Carmouche, District Attorney, Brian Paul Joffrion, Eugene W. Bryson, III, Assistant District Attorneys, for Appellee.
Before STEWART, MOORE and LOLLEY, JJ.
*794 MOORE, J.
Shawn Jamar Blankenship appeals a judgment ordering him to pay child support of $120 per month, plus an administrative fee of $6.00 per month, to the Louisiana Department of Social Services ("DSS") on behalf of his minor daughter, KKB. We affirm.

Factual Background
KKB was born in May 1997; slightly over a year later, on June 15, 1998, her mother, Adrina Lary, applied for "full service" with DSS. Under La. R.S. 46:236.1.2,[1] DSS filed a rule for child support. Blankenship entered a stipulated order of support under R.S. 46:236.7, agreeing to pay $120 per month, plus an administrative fee of $6.00 per month, to DSS on behalf of the child. This stipulation remained in force until January 1999, when Ms. Lary advised DSS that Blankenship would be making support payments directly to her. DSS filed a motion formally suspending the payment order.
What occurred over the next six years is summarized from a ruling of the Board of Veterans' Appeals in Washington D.C., a copy of which was admitted into evidence. Blankenship had served in the military, on active duty from 1992 to 1997, and was receiving veteran's monthly benefits. In July 1999, his VA benefit was $406 per *795 month, from which the VA allocated $50 to the child. The VA gradually upgraded Blankenship's disability rating, and by February 2002 his monthly benefit was $1,188. Ms. Lary then claimed an increased apportionment for the child. At a hearing in June 2002, it transpired that Blankenship was actually receiving VA benefits and social security disability benefits totaling $1,487 per month; as a result, the VA increased the child's monthly allocation to $250. Blankenship filed a notice of disagreement (in effect, a notice of appeal) with this decision.
In a June 2004 ruling, the Board of Veterans' Appeals agreed with Blankenship. It noted that his monthly expenses exceeded $3,500, he had joint custody of KKB, and Ms. Lary failed to produce credible evidence of the child's needs. Most importantly, the Board found that increasing KKB's apportionment would likely result in undue hardship to Blankenship and his other dependents. The Board therefore reversed the increase, noting that if Ms. Lary "is owed back child support, she must apply to the court that ordered these payments for a remedy."
DSS notified Blankenship that his child support was in arrears; he requested a hearing in the Caddo Juvenile Court in May 2005.[2] The hearing officer found that the original support order had been judicially suspended and that DSS would have to file a rule to reinstate it; DSS filed such a rule. Blankenship objected, arguing in essence that the VA had already declared that he owed no more out of his government benefits for the child.
A series of hearings took place between June 22 and November 30, 2005. At one of these, Blankenship admitted he was then (November 9) receiving VA disability of $2,605 per month (from which KKB was receiving her apportionment of $50 per month) and social security disability benefits of $642 per month. Nevertheless, he contended that the VA was correct: any more than a $50 allocation would work a hardship on him and his other dependents.
The juvenile court found that under Rose v. Rose, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), there was no "supremacy problem": Blankenship's federal benefits could be considered in figuring the amount of support. The court ordered the original judgment of $126 per month reinstated.

Discussion
Blankenship has appealed, filing a pro se "Notice of Lodging and Briefing Order." This contains no specifications of error, arguments in support thereof, or citations to the transcript. By reply brief, DSS contends that Blankenship "fails to technically assign any error on appeal * * * [or] to provide any additional facts with which to argument against."
Under URCA Rule 2-12.4, the appellant's brief must contain, inter alia, "a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, * * * giving accurate citations of the pages of the record and the authorities cited[.]" Further, the court "may consider as abandoned any specification or assignment of error which has not been briefed." Blankenship's filing clearly does not comply with these provisions; the appeal could be dismissed for lack of proper form.
We note, however, that Blankenship is not a lawyer. He has elected to represent himself in this appeal, a right consistent with the constitutional guarantee of access *796 to the courts.[3] La. Const. Art. 1, §§ 19, 22. In the circumstances, we decline to dismiss his appeal. Instead, we have endeavored to address the substance of his claim to the extent possible on the record. Costales v. Turner Industries, 05-36 (La. App. 5 Cir. 5/31/05), 905 So.2d 410, writ denied, XXXX-XXXX (La.1/9/06), 918 So.2d 1056; St. Agnes Health/Rehabilitation Center v. Ledet, XXXX-XXXX (La.App. 3 Cir. 3/21/01), 782 So.2d 1145.
On the merits, Blankenship contends that the juvenile court lacked jurisdiction because of federal supremacy. Citing the former 38 U.S.C. § 211(a),[4] he argues that decisions of the Administrator of the VA on any question of law or fact under any law administered by the VA proving benefits for veterans and dependents "shall be final and conclusive and no other official or any court of the United States shall have power to jurisdiction to review any such decision." He contends that the state should not be able to reinstate a support order that was judicially suspended, dismissed and pursued through the Department of Veterans' Affairs. He suggests that the judgment of November 30, 2005, is "arguably in conflict" with § 211(a), and "the State has no right to make a conflicting decision." He concludes that no state legislature or court has the power to re-order the distribution of federal social security benefits, and asks this court to dismiss DSS's claim.
DSS responds that in any action against a person who is receiving government benefits, the state gives credit for any amounts already being paid to the child. It contends that the guideline amount of child support was more than KKB was receiving through Blankenship's previously calculated veteran's benefits. It concludes that DSS should be able to recover the difference between the guideline amount and the benefits already distributed to the child.
The supreme court addressed the supremacy issue in Rose v. Rose, supra, concluding that a Tennessee state court had jurisdiction to hold a disabled veteran in contempt for failing to pay child support, where the veteran's only means of satisfying the obligation was from VA benefits. After quoting 38 U.S.C. § 211(a), the court explained:
As already noted, however, we can find no clear indication that Congress intended the Administrator to make child support determinations contrary to the determinations of state courts. The interest in uniform administration of veterans' benefits focuses, instead, on the technical interpretations of the statutes granting entitlements, particularly on the definitions and degrees of recognized disabilities and the application of the graduated benefit schedules. * * * These are the issues Congress deemed especially well suited for administrative determination insulated from judicial review. Thus, even assuming that § 211(a) covers a contempt proceeding brought in state court against a disabled veteran to enforce an order of child support, that court is not reviewing the Administrator's decision finding the veteran eligible for specific disability benefits. The uniformity of the Administrator's *797 decision is therefore not endangered. And since the Administrator is not a party in the contempt proceeding, no additional litigation burden is created. There being no "major damage" to the federal interests underlying § 211(a), we conclude that it does not pre-empt exercise of state-court jurisdiction to enforce a veteran's child support obligation.
481 U.S. at 629-630, 107 S.Ct. at 2035-2036 (citations omitted).
As in Rose v. Rose, the instant case does not represent an effort by DSS to override the VA's determination of Blankenship's disability and benefits. To the contrary, it is a legitimate effort to satisfy Blankenship's child support obligation from available resources. This scheme does no "major damage" to any federal interest, as the juvenile court aptly noted. In fact, the Board of Veterans' Appeals also ruled that if Ms. Lary "is owed back child support, she must apply to the court that ordered these payments for a remedy." This is precisely the avenue that DSS pursued on her behalf.
In addition to finding no federal preemption, we find the juvenile court did not abuse its discretion with respect to the amount of the award. By stipulation dated August 26, 1998, Blankenship admitted the child was entitled to support of $120 per month. This had the effect of a judicial admission or confession binding the parties and the court. La. C.C. art. 1853; Becht v. Morgan Building & Spas Inc., 2002-2047 (La.4/23/03), 843 So.2d 1109; Lewis v. City of Shreveport, 36,659 (La. App. 2 Cir. 12/11/02), 837 So.2d 44. The record does not show that the stipulation was tainted by error of fact. There is no merit to Blankenship's general contention that DSS failed to prove its case.

Conclusion
For the reasons expressed, the judgment is affirmed. All costs are to be paid by the appellant, Shawn Jamar Blankenship.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, MOORE, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] At the time, this section was designated as R.S. 46:236.1.
[2] The notice from DSS is not in the record, but Blankenship's request is.
[3] Blankenship retained counsel for the hearings on November 9 and 30, 2005, but he formally withdrew in January 2006.
[4] This section was repealed by Pub.L. 102-83, § 2(a) but its provisions were reenacted with minor changes as 38 U.S.C. § 511(a), effective August 6, 1991. Section 511(a) now provides that "the decisions of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."