STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-755


RACHAEL RANALLETTA

VERSUS

CHUY'S OPCO, INC. AND ARGONAUT INSURANCE COMPANY


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF VERMILION, NO. 16-07333
ADAM C. JOHNSON, WORKERS' COMPENSATION JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Phyllis M. Keaty, and Van H. Kyzar, Judges.


**AFFIRMED.**


Patrick A. Johnson
Allen & Gooch
Post Office Box 81129
Lafayette, Louisiana 70598-1129
(337) 291-1430
Counsel for Defendant/Appellee:
        Chuys OPCO, Inc. d/b/a Chuy's
        Argonaut Insurance Company

Rachael Ranalletta
In Proper Person
119 Acacia Lane
Abbeville, Louisiana 70510
(585) 233-2266
Plaintiff/Appellant

**KEATY, Judge.**

The Claimant/Appellant, Rachael Ranalletta, Pro Se, appeals a judgment that dismissed, with prejudice, her workers' compensation claims against her former employer, Chuys Opco Inc., and its insurer, Argonaut Insurance Company (hereafter collectively referred to as "Chuys").[1] For the following reasons, we affirm.

## PROCEDURAL HISTORY

Claimant filed a Form 1008 Disputed Claim for Compensation (1008) against Chuys on November 18, 2016, alleging that she sustained a workplace injury on July 5, 2016. Therein, she described her accident and injury as follows:

> On or about July 5, 2016, the Employee was standing next to a metal table, when a busboy carrying a tray full of dishes came through and pushed her against the table. The push caused her to twist and to injure her right hip, right shoulder, right elbow, right leg, right groin, and lumbar spine.

In the 1008, Claimant asserted that no wage benefits had been paid and that medical treatment had not been approved "on all body parts injured."

In its answer to the 1008,[2] Chuys admitted that Claimant was in the course and scope of her employment when she suffered a work-related injury on July 5, 2016. It denied, as written, Claimant's description of the accident, instead admitting that she was "bumped in the right elbow by a busboy with a tub of dishes." Contrary to Claimant's assertions, Chuys stated that it had paid indemnity benefits to and authorized medical treatment for Claimant, although it acknowledged that "the parties dispute which body parts are related to her accident." Chuys also disputed "the extent and the time period for which

---

[1] To the extent that Claimant appeals a judgment denying her motion for new trial, see footnote 6.

[2] Chuys answer refers to ten paragraphs in Claimant's Disputed Claim for Compensation. I only see the front and back of a Form 1008.

[Claimant] was permanently disabled." Finally, Chuys noted that Claimant had not stated a claim for loss of earning capacity in her 1008, nor had she requested that it provide her with rehabilitation services.

Claimant filed an Amended 1008 on March 9, 2018, wherein she supplemented the Accident Data to explain that:

> On July 5, 2016 employee was standing with right hand on right hip facing the bar customers, elbow was pointed behind when a busboy carrying a tub full of dishes bumped elbow causing the right shoulder, right elbow, and lower right side to twist. The metal table to the left prevented employee from falling though the force of the bump was intense.

In the Bona-Fide Dispute section of her Amended 1008, Claimant checked blanks noting that no medical treatment had been authorized, that she suffered from an occupational disease, and that her wage benefits had been terminated on September 14, 2016. She also wrote in the following: "Failure to approve medical treatment on all body parts injured including Neuropathy and Myofascial Pain Syndrome in right dise (upper and lower extremities), shoulder (right), elbow (right), hip (right), and sacrum/lumbar spine. Exasperation of PTSD."

Chuys answered the Amended 1008, re-averring the defenses pled in its original answer.[3] It denied Claimant's assertion that no medical treatment had been authorized and it denied that Claimant suffers from an occupational disease. Chuys denied, as written, Claimant's assertion that her wage benefits were terminated or reduced, clarifying that it paid Claimant indemnity through September 14, 2016, and it suspended her benefits on September 15, 2016. As it had done in its original answer, Chuys reiterated that the "only accepted body part [was] claimant's right elbow[, and that t]he relatedness and compensability of, and treatment for, all the other listed other [sic] body parts and conditions are denied."

---

[3] While it noted that Claimant had "not sought the necessary leave of court to file her Amended [1008,]" "in the interest of judicial efficiency[,]" Chuys waived any objection to it.

Trial in this matter took place on December 6, 2018. Although Claimant had been represented by several attorneys throughout the pendency of this matter, she was unrepresented at the time of trial. At the conclusion of the presentation of testimony and evidence, the workers' compensation judge (WCJ) took the matter under advisement. Thereafter, both Claimant and Chuys submitted post-trial briefs. The WCJ issued an oral ruling on January 29, 2019, the transcript of which spans seventeen pages in the record, which will be discussed later in this opinion. Ultimately, the WCJ held:

> The Court heard the testimony of Ms. Ranalletta and in assessing the testimony of Ms. Ranalletta the Court observed her gestures, her tone of voice responses or reaction to questions and her overall demeanor. The Court makes a specific finding that Ms. Ranalletta's testimony was not credible. Considering the law and the evidence the Court finds that the defendant provided all reasonable and necessary treatment in accordance with Louisiana Revised Statute 23:1208, and no further indemnity benefits are due.

A written judgment was signed on April 2, 2019, in favor of Chuys and against Claimant, dismissing her claims against it with prejudice.[4] Thereafter, Claimant filed a letter in which she sought a new trial, which the WCJ treated as a "Motion for New Trial." Following a contradictory hearing, the WCJ denied Claimant's request for a new trial, which ruling was memorialized in a judgment signed on May 28, 2019.[5] Claimant timely appealed the April 2, 2019 and May 28, 2019 judgments.[6]

---

[4] The judgment also denied Chuys claim that Claimant was guilty of fraud. That portion of the judgment is not at issue in this appeal.

[5] Chuys filed a Rule to Tax Costs against Claimant, which it argued on the same date as her motion for new trial. A separate judgment was signed on May 28, 2019, in favor of Chuys taxing costs against Claimant in the amount of $14,845.04.

[6] The Order granting Claimant a devolutive appeal does not reference a judgment. The Notice of Appeal provides that Claimant is granted an appeal from the April 2, 2019 and May 28, 2019 judgments. In light of Claimant's pro se status, we have reviewed both judgments.

3

## DISCUSSION

In order for an employee to recover benefits under the Worker's Compensation Statutes of the State of Louisiana he must show that he received a personal injury by way of an accident arising out of and in the course and scope of his employment, and said injury necessitated medical treatment and/or rendered the employee either temporary totally disabled, permanent totally disabled, entitled to supplemental earning benefits, and/or permanent partially disabled. LSA–R.S. 23:1021; 1031; 1203; and 1221.

*Alfred v. Mid-South Mach., Inc.*, 594 So.2d 937, 939 (La.App. 3 Cir. 1992).

Claimant herein has not returned to any employment since her July 5, 2016 accident at Chuys. In *Jones v. El Mesero Rest.*, 97-636, pp. 4-5 (La.App. 3 Cir. 10/29/97) 702 So.2d 1133, 1135-36 (citations omitted), we explained:

[W]hen a claimant is not engaged in any employment, she may prove an inability to work due to substantial pain. In order for a claimant to prove an inability to engage in any employment on account of pain, La.R.S. 23:1221(1) requires proof that the pain is substantial enough to make the pursuit of gainful employment an impossibility. Whether the claimant's pain is substantial enough is a question of fact to be determined by the totality of circumstances. Furthermore, the factual conclusions of the trial court are entitled to great weight and will not be reversed absent manifest error. A claimant must submit objective medical evidence of the disabling condition to meet his burden of proving entitlement to TTD benefits by clear and convincing evidence.

In *Fritz* [*v. Home Furniture–Lafayette*], 95-1705, p. 3-4 [(La.App. 3 Cir. 7/24/96),] 677 So.2d [1132,] 1134, we stated:

However, the issue of disability presents a legal not purely a medical, question which must be determined after considering all of the medical and lay testimony in the record. In other words, the hearing officer determines whether a claimant has met his burden of proving disability only after weighing all the medical and lay testimony. Thus, the issue of disability is a factual determination. Factual findings of a hearing officer may not be disturbed by an appellate court unless the factual findings are manifestly erroneous or clearly wrong. In order for an appellate court to set aside a hearing officer's factual finding, the appellate court must conclude from the record, viewed in its entirety, that a reasonable factual basis did not exist for the hearing officer's finding and that this finding is clearly wrong.

4

With regard to credibility determination made in workers' compensation matter, we have held:

> [W]here there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Rosell v. ESCO,* 549 So.2d 840 (La.1989).
>
> Where there are two permissible views of the evidence, the fact finders[ ] choice between them cannot be manifestly erroneous or clearly wrong. *Id.*

*Alfred*, 594 So.2d at 939.

In her sole assignment of error, Claimant asserts that "[i]t is evident according to medical reports and supplemented evidence that the Judgement inaccurately defines the process for the Appellant in the medical and legal system. The Judgement is biased to information that prohibits the Appellant from claiming recovery from the accident at Chuy's." She requests "[t]hat this honorable court . . . find [her] justified in her present situation [and] prepare a Judgement in respect to the written evidence attained but not completely verbalized at Workers Compensation Court due to health problems of Pro Se, Plaintiff/Appellant, Rachael Ranalletta."

In brief to this court, Claimant asserts that the medical reports are inaccurate and that the appealed judgment "is biased to information that prohibits [her] from claiming recovery from the accident at Chuy's." She then presents twenty "issues for review," prefaced with the statement that "[d]ue to time constraints[], I am not reporting every office visit but briefly describing the issues in accuracy of reporting this claim." Thereafter, she argues:

> Appellant wishes to see a repair of information falsely presented in the initial review of the case and in addition for accurate reports of the case to be understood in that which Appellant intended; to heal and resume working as soon as possible. Appellant would like to move past the traumas possible that can be resolved in medical and mental

5

health care with insurance that is due. Appellant would like consideration in the decision to put safety first when choosing not to return to work while injured beyond proof due to prescriptions being ordered as opposed to diagnostic tests in a timely manner to ensure appropriate modalities for improvement. Appellant would like all parties to made [sic] accountable for subjective evidence gathering that determined Appellant's destiny and in a lot of ways fate. Appellant would like to ascertain a peaceful exchange of facts to be examined for an inventory of the costs she is now affected by that were not there prior to the accident at Chuy's. Appellant would move as efficiently as possible through this time.

Claimant fails to offer any jurisprudential or statutory support for her arguments.

In response, Chuys submits that the judgment denying Claimant's right to receive any further workers' compensation indemnity or benefits "was based upon the [WCJ's] review of substantial medical evidence, evaluati[on of] the credibility of the witnesses at trial[,] and consideration of the controlling jurisprudence[,]" and, thus, is "factually and legally proper."

With regard to our handling of appeals filed by pro se appellants in the workers' compensation arena, this court has held:

> Uniform Rules—Courts of Appeal, Rule 2–12.4 . . . requires the appellant to:
>
> > [S]et forth the jurisdiction of the court, a concise statement of the case, the action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion stating the precise relief sought.
>
> Rule 2–12.4 further states, "All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." *See Southern General Agency, Inc. v. Safeway Ins. Co. of Louisiana*, 99–1892 (La.App. 3 Cir. 6/7/00); 769 So.2d 606, writ denied, 00–2055 (La.10/6/00); 771 So.2d 89.

*St. Agnes Health/Rehab. Ctr. v. Ledet*, 00-2023, p. 2 (La.App. 3 Cir. 3/21/01), 782 So.2d 1145, 1146. In *St. Agnes Health*, the employer asked this court to strike the

6

claimant's appellate brief on the grounds "that it was not in proper form. We denied St. Agnes' motion summarily." *Id.* at 1146. While Chuys has not sought to strike Claimant's brief, it does point out insufficiencies contained therein, including the fact that she refers to evidence that was "not admitted as the [WCJ] found such information inadmissible hearsay and forms no part of the trial record." In response to those insufficiencies, we point to *St. Agnes Health*, wherein this court stated:

> We are aware that Ledet is not a lawyer and, as such, not trained, educated, and experienced in the law. We are also cognizant of a citizen's right to have access to the courts of this state including her right to have her case reviewed by an appellate court. *See* La. Const. arts. 1 § 19 and 22. Accordingly, we prefer to look to substance rather than form, in reviewing cases presented to us by lay persons. Further, we have recently reviewed a case where an appellant's brief did not conform to Rule 2–12.4 by exercising our inherent power and duty under the Louisiana Code of Civil Procedure Article 2164 to render any judgment which is just, legal, and proper upon appeal. *Conner v. Palermo Constr. Co., Inc.*, 00–1399 (La.App. 3 Cir. 2/28/01); 782 So.2d 1132.

*Id.*, 782 So.2d at 1146-47. *See also*, *Hale v. Labor Ready*, 08-719 (La.App. 3 Cir. 12/10/08) 999 So.2d 293.

In its January 29, 2019 oral ruling, the WCJ reviewed the 1008 filed by Claimant and the supplemental answer filed by Chuys in which it alleged that Claimant committed fraud in violation of La.R.S. 23:1208. Thereafter, the WCJ recited when and where Claimant sought medical treatment following her July 5, 2016 injury, along with the subjective complaints that Claimant gave to each medical provider, and any diagnoses and/or work restrictions she received at each visit. The WCJ made note of the various medical specialists that treated Claimant, which objective tests each ordered, and the results of those tests.

The record demonstrates that, throughout the course of this litigation, the WCJ was very patient with and accommodating to Claimant. At the start of trial,

7

the WCJ took extreme efforts to ensure that all the evidence Claimant wished to present was properly identified, marked, and offered into evidence.[7] As we interpret Claimant's appellant brief, she is seeking to have this court perform a de novo review of the record. We are unable to do so, as the proper standard of review is that of manifest error.

The WCJ made the factual determinations that Claimant lacked credibility and that Chuys "provided all reasonable and necessary treatment in accordance with Louisiana Revised Statute 23:1203, and no further indemnity benefits are due." After viewing the record in its entirety, we conclude that a factual basis exists for those determinations. We make mention of the following as an example of the evidentiary support for the appealed judgments. In the course of the proceeding before it, the WCJ ordered that Claimant undergo an Independent Medical Examination (IME) by Dr. Thomas Butaud, an orthopedic surgeon. In a report dated June 26, 2017, Dr. Butaud noted that because Claimant could possibly have a torn labral tear of her right hip, Dr. Butaud recommended that she have an MR arthrogram of her right hip, noting that if such test was negative, he would recommend "a home exercise program and no further medical treatment." If such test was positive, Dr. Butaud noted that she may require surgical repair of the labral tear. As a result, Dr. Butaud opined that Claimant was "capable of light duty work;" he noted, however, that if the recommended MR arthrogram was negative, she was capable of "full duties." By Order dated April 4, 2018, the WCJ granted Chuys' Motion Requesting Updated Independent Medical Examination. Based upon his reexamination of Claimant on May 23, 2018, Dr. Butaud issued a supplemental report wherein he stated that he found "no pathology" in his review

_____

[7] Claimant offered seventy-two exhibits at trial, sixteen of which are proffers. Chuys offered thirty-two exhibits at trial.

8

of the November 3, 2017 MRI arthrogram of her right hip.  The following excerpt

is included in Dr. Butaud's supplemental IME report:

> IMPRESSION:
> 1.    Post strain to the right shoulder with resolution of the problem.
> 2.    Post contusion to the right elbow resolution of the problem.
> 3.    Concerning the lumbar spine, I have found no objective findings, and her signs of non-physiological pain behavior have changed significantly in one year to become from having no signs of non-physiological pain behavior to having six out of eight in one year's time.  This appears to be a magnification of symptoms at this present time.
> 4.    Concerning the right hip, with a normal MRI I feel that she may have sustained a muscular strain, but that should have been resolved by now.
>
> TREATMENT PROTOCOL:  Concerning her treatment, I do not feel that further treatment is necessary to the right shoulder, right elbow, lumbar spine, or right hip.
>
> WORK STATUS:  At this point, I feel, as Dr. Sledge,[8] that she definitely can return back to gainful employment.  I see no reason why she cannot do light to medium duty work.  If there is some question concerning this, I would recommend an FCE.
>
> IMPAIRMENT:  She is given no impairment for the four above problems, and I feel she is at maximum medical improvement.

## CONCLUSION

Our reading of the WCJ's January 29, 2019 oral ruling convinces this court

that he thoroughly reviewed the entirety of the evidence submitted by the parties

before rendering judgment.  After having reviewed the record on appeal, we find

no manifest error in the WCJ's dismissal of the claims asserted by Claimant

against Chuys or in its subsequent denial of Claimant's motion for new trial.

Claimant's assignment of error has no merit.

## DECREE

The judgments of the Workers' Compensation Judge are affirmed in their

entirety.  All costs of this appeal are assessed against Rachael Ranalletta.

---

[8] Dr. John Sledge was Claimant's choice of orthopedic surgeon.

**AFFIRMED.**